No. ——

**First Circuit**

----

**ROSEMAN v. RUSS**

----

(November 10, 1925, Opinion and Decree)
(December 22, 1925, Rehearing Refused)

----

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Partnership—Par. 49.**

Under the Pleading and Practice Act 157 of 1912 as amended by Act 300 of 1914 and 228 of 1924, one has the right to sue for the recovery of money wrongfully collected by a former partner on an open account which then belonged to him, even though the precise amount of an acknowledged indebtedness by the former partner resulting from the operation of this dissolved partnership had not been definitely fixed.

Appeal from the Parish of East Baton Rouge, Hon. Wm. Carruth Jones, Judge.

Action by Charles Roseman against Stephen M. Russ. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Benton and Benton and C. C. Bird, Jr., of Baton Rouge, attorneys for defendant, appellant.

LECHE, J.   The facts in this case are substantially, that plaintiff and defendant entered on September 10, 1923, into an agreement of partnership for the purchase and sale of cypress lumber, whereby all profits to be derived from said business were to be shared equally between the partners.   The partnership operation was accordingly carried on until August 25, 1924, when Roseman bought out all the rights, titles and interests of Russ in the property and assets of the partnership and assumed payment of the liabilities of the same, then estimated to amount to about sixteen thousand four hundred dollars ($16,400.00).   In consideration of the assumption of this liability by Roseman, Russ executed his four promissory notes in favor of Roseman, each for the sum of $543.21.   As a further consideration Russ also bound himself to execute an additional note in favor of Roseman, for such amount as it may be shown that he is personally obligated to the said business which has been conducted under the contract of partnership of September 20, 1923, the place and time of payment of such note being set forth in detail in the written agreement of August 25, 1924.

The present suit was filed December 23, 1924, and for cause of action, Roseman alleges that on August 29, 1924, after he had purchased and acquired all the assets and outstanding accounts of the late firm, Russ collected without any right thereto, from the Baton Rouge Sash & Door Works, Inc., an open account due to the late firms and at the time of its collection, owned by Roseman, amounting to two hundred and forty-three 88-100 dollars.   He accordingly prays for judgment against Russ for the full amount of said open account with legal interest thereon, and costs of suit.

Defendant first excepted to plaintiff's petition on the ground that it showed no cause of action and that plea being overruled, filed an answer.   Thereupon plaintiff moved for judgment as prayed for in his petition, upon the face of the petition and answer, and after due hearing, the trial judge having so decreed, defendant prosecutes the present appeal from such judgment.

The defense is in effect, that the partnership has not yet been dissolved, still remains unliquidated and that one partner cannot sue another except for dissolution and liquidation of the partnership.   Defendant urges in his brief, that by the agreement of September 10, 1923, he was to have the full administration of the firm's affairs, and, assuming that the firm is still in existence, he further urges that under Art. 2867, C. C., this power cannot be revoked or taken away from him except for cause.   He further argues that this contract is undivisible and if we understand him correctly, that it cannot be partly or partially dissolved but can only be dissolved in its entirety.

The agreement of September 10, 1923, merely authorizes the defendant to make

purchases of lumber, upon his furnishing duplicate lists of such purchases to plaintiff and it obliges defendant to keep a full account of all transactions of accounts kept open for the plaintiff's inspection at all reasonable times. Beyond these clauses, we find no stipulation granting full power of administration to defendant. But even conceding that such power of administration had been vested in the defendant, there was nothing left •for him to administer after August 25, 1924, for by the latter agreement, he sold his interest in the property and assets which were under the agreement of September 10, 1923, to constitute the stock in trade of the partnership. He surely could not expect to continue to administer property which he had sold and which he had voluntarily and without reservation transferred to plaintiff. Nor do we see any ground to invoke the articles of the Code in regard to the divisibility or indivisibility of obligations, for by the agreement of August 25, 1924, the partnership created by the agreement of September 10, 1923, was dissolved and extinguished in its entirety.

The agreement of August 25, 1924, not only dissolved the partnership but practically liquidated its affairs, only leaving for future adjustment the exact amount which would later be found to be due by defendant. According to the stipulations of that agreement, defendant, after subscribing four certain promissory notes each for the sum of $543.21, acknowledged that he was still indebted to the late partnership, the assets of which had become vested in plaintiff and its liabilities assumed by plaintiff, but as the exact amount of such indebtedness could not then be definitely fixed, he agreed to subscribe another note at a future time when such amount might be shown.

The only question in the case, as we view it, is whether plaintiff had the right to sue for the recovery of the money wrongfully collected by defendant on an open account which then belonged to plaintiff, simply because the precise amount of an acknowledged indebtedness by defendant resulting from the operation of a dissolved partnership between plaintiff and defendant, had not been definitely fixed.

There is no statutory law in this state forbidding one partner from suing another during the existence of a partnership, upon a cause of action arising out of the partnership. There is however such a rule of practice adopted from the common law, in our earliest jurisprudence (10 M. 433, Dromgoole vs. Gardner) and steadily adhered to by our court to this day. Hennen in his Digest announces the rule in the following language: "A partner cannot sue his co-partner for sum paid or advanced for the partnership, or funds placed in it, or goods furnished, or profits made, or losses incurred, during its continuance until a final settlement in his treatise on Partnership." (2nd Ed. Bk. 111, Chap. X) gives a lengthy and detailed history of the origin at common law, of the restrictions upon the right of one partner to sue his co-partner. Many of the reasons adduced by him for these restrictions, are based upon the peculiar practice and diverse jurisdictions of English courts of Law and Courts of Equity. He says that formerly courts of equity were adverse to interfering at all between one partner and another partner, unless it was for the purpose of dissolving the partnership. The latter reason is likely the one for which our courts first adopted the rule, though it may also be properly said that when differences arise between partners, in regard to matters involving the partnership the judicial entity called the partnership, has an interest at issue, which during its existence, is within its exclusive control. But in the present case, the agreement of August 25,

1924, has put an end to the partnership. That partnership has been dissolved and liquidated except as to the single item, the amount of the indebtedness of defendant to the late partnership now vested in plaintiff. We cannot conceive how that item, still open for determination can have any bearing upon the claim in this suit.

Defendant admits in the agreement of August 25, 1924, that he still owes an undetermined amount to plaintiff who now stands in lieu of the partnership. Another and a different question might be presented if defendant made any claim against plaintiff as successor to the partnership, but this he is estopped from doing under the agreement which he signed and executed.

We do not believe defendant's defense comes within the rule of practice as announced by Hennen in his Digest, whether viewed from the terms in which the rule is formulated or from the reasons which caused its adoption by our court.

The facts recited in this opinion appear from the petition and answer and the documents annexed thereto, and we believe that under the Pleadings Act of 1912, they justify the judgment rendered by the District Court and, for these reasons, that judgment is affirmed.